IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN A. RIVERA, JR., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 10-2790 |
| v. | : | |
| | : | |
| RAY MABUS, SECRETARY, U.S DEPARTMENT OF THE NAVY, | : | |
| | : | |
| Defendant. | : | |

## OPINION

**Slomsky, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**March 22, 2011**

## I.　INTRODUCTION

Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 6), Plaintiff's Response in Opposition (Doc. No. 9), and Defendant's Reply in Further Support of Motion to Dismiss (Doc. No. 10). Plaintiff Juan A. Rivera commenced this action on June 6, 2010 against Defendant Ray Mabus, Secretary of the United States Department of the Navy (Doc. No. 1). In the Complaint, Plaintiff alleges arbitrary and unlawful employment termination. He further alleges that the decision to terminate him was pretextual and rather was based on national origin, race and disability in violation of Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973. For reasons that follow, Defendant's Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for Lack of Jurisdiction will be granted.

## II.　FACTUAL AND PROCEDURAL BACKGROUND

In November 2008, Plaintiff Juan A. Rivera, a United States Army Veteran, was hired as

a Police officer with the Navy's Regional Security Directorate. (Doc. No. 1 ¶ 5.) Plaintiff successfully passed the required drug test and pre-employment physical. (Id. ¶ 6.) Pursuant to a Navy request, Plaintiff applied for a government travel credit card through CitiBank. (Id. ¶ 7.) Under the assumption that having a higher credit limit would be a positive factor, Plaintiff sought a credit card with the higher limit. (Id. ¶ 9.) On April 22, 2009 CitiBank informed Plaintiff that he did not meet the credit standards for the higher limit card and that his application was denied. (Id. ¶ 11.) When Plaintiff reported this rejection to the Navy, he was told that possession of a government travel credit card was a condition of employment and without one he could not remain at his position. (Id. ¶ 12.) Therefore, effective May 8, 2009, Plaintiff was terminated. The termination occurred during his probationary period. (Id. ¶ 13.)

On May 15, 2009 Plaintiff appealed his termination to the United States Merit Systems Protection Board ("MSPB" or "Board"). Plaintiff alleged there was no factual or legal basis for his termination based on the failure to secure a travel credit card. He asserted that there was nothing in writing officially stating that possession of a government travel credit card was a condition of employment. (Id. ¶¶ 14-15.) He also claimed that his termination was discriminatory based on his Puerto Rican origin, Hispanic race and diabetes disability. (Id. ¶ 17.) Plaintiff attempted to establish jurisdiction in the MSPB to hear his appeal by alleging that the termination was based upon pre-employment matters. (Id.)

On August 19, 2009, the MSPB dismissed Plaintiff's termination appeal for lack of jurisdiction. (Id. ¶ 19; Id. Ex. "A" at 1.) Plaintiff then sought review of the initial MSPB decision, and in an Opinion dated May 7, 2010, the MSPB affirmed the initial decision to dismiss

the appeal of his termination for lack of jurisdiction.[1] (Id. ¶ 20.)

Subsequently, on June 10, 2010, Plaintiff filed the Complaint in this Court alleging arbitrary and unlawful employment termination and that the MSPB's dismissal decision was unlawful. He further asserts that the decision to terminate him was pretextual based on national origin, race and disability. (Id. ¶¶ 22-24.) On September 30, 2010, Defendant filed a Motion to Dismiss the Complaint for Lack of Jurisdiction arguing that the power to hear this case lies exclusively with the Court of Appeals for the Federal Circuit.

## III. DISCUSSION

Title 5, United States Code, Section 7703 governs judicial review of decisions of the MSPB. It provides in relevant part that:

> (b)(1) Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the [MSPB] shall be filed in the United States Court of Appeals for the Federal Circuit. . . .
>
> (2) Cases of discrimination subject to the provisions of Section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 . . . .

5 U.S.C. § 7703(b)(1)-(2). Title 5, United States Code, Section 7702, referred to in Section 7703(b)(2), provides the prerequisite for when an action involving discrimination can be heard by a district court. Jurisdiction in a district court is proper when an employee--

(A) has been affected by an action which the employee or applicant may

---

[1] The MSPB found that Plaintiff failed to make a nonfrivolous allegation of Board jurisdiction over his appeal. (Doc. No. 6, Ex. "B" at 4.) Plaintiff argued that MSPB jurisdiction was proper under Title 5, C.F.R. Section 315.805 because termination was based in whole or in part on conditions arising before his appointment. (Id. at 3.) While the MSPB acknowledged that Plaintiff's failure to qualify for a credit card is attributable to pre-appointment credit issues, the Board held that Plaintiff was ultimately terminated for a post-appointment deficiency, his failure to obtain a credit card. (Id. at 4-5.) Therefore, the MSPB concluded, Plaintiff has not established Board jurisdiction on the basis of termination for pre-appointment reasons. (Id.)

>> appeal to the [MSPB], and
>
> (B) alleges that a basis for the action was discrimination prohibited by--
>
>> (i) section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16),
>>
>> (ii) section 6(d) of the Fair Labor Standards Act of 1938 . . . ,
>>
>> (iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),
>
> . . .

5 U.S.C. § 7702(a)(1).

Section 7702 contains two requirements for this Court to have jurisdiction over the instant case. A case that satisfies the two requirements is referred to as a "mixed case." The first requirement is that an employee be affected by an action *which he may appeal to the MSPB*. The second requirement is that the employee alleges discrimination as a basis for the adverse action. 5 U.S.C. § 7702. Plaintiff fails to meet the first requirement because his claim was dismissed by the MSPB for lack of jurisdiction. Consequently, his claim is considered unappealable to the MSPB.

In other words, an appeal of a final decision of the MSPB is required to be filed in the United States Court of Appeals for the Federal Circuit, *except* as provided in the provisions of Section 7702 which permits a district court to hear cases that involve both discrimination and "an action which the employee or applicant may appeal to the [MSPB]." May v. Shinseki, No. 09-2395, 2010 WL 183374, at *2 (E.D. Pa. Jan. 15, 2010) (quoting 5 U.S.C. § 7702(a)(1)(A)). "[A] district court has jurisdiction to hear 'mixed cases' that involve both a claim of unlawful discrimination and a claim that is appealable to the MSPB." May, 2010 WL 183374, at *2 (citing Stone v. Napolitano, No. 09-1523, 2009 WL 2169216, at *3 (E.D. Pa. July 17, 2009)).

However, when the MSPB dismisses a claim for lack of jurisdiction, even one alleging discrimination, the action is no longer a "mixed case" and the district court does not have the jurisdiction to hear the appeal of the MSPB's decision. Id. Further, "as a general rule, an MSPB determination that it lacks jurisdiction to hear a claim is appealable only to the United States Court of Appeals for the Federal Circuit." Sloan v. West, 140 F.3d 1255, 1261 (9th Cir. 1998). "Appeals of the MSPB's jurisdictional determinations are properly brought before the United States Court of Appeals for the Federal Circuit." May, 2010 WL 183374, at *2 (citing Sloan, 140 F.3d at 1261-62 (stating the Federal Circuit has held that when a "mixed case" before the MSPB is dismissed for lack of jurisdiction, the Federal Circuit is the exclusive appellate forum)).

Here, Plaintiff filed a claim with the MSPB alleging that his termination was arbitrary because securing a government travel credit card is not a condition of employment. Plaintiff also alleged the termination was discriminatory based on his national origin, race and disability. In an initial decision by the administrative law judge, and then again upon review, the MSPB determined that it lacks jurisdiction to hear Plaintiff's case. Without jurisdiction, the claim is not appealable to the MSPB, and the case fails to meet the first requirement provided in Section 7702 that grants this Court jurisdiction. May, 2010 WL 183374, at *2 (citing Napolitano, 2009 WL 2169216, at *3. When a "mixed case" is dismissed by the MSPB for lack of jurisdiction as it was here, the Federal Circuit is the exclusive appellate forum. Sloan, 140 F.3d at 1261.

Plaintiff contends in his Response in Opposition to Defendant's Motion that the MSPB erred and does have jurisdiction over Plaintiff's termination claim, and asks the Court to consider the evidence and make a determination as to whether the MSPB has jurisdiction. (Doc. No. 9 at 2.) However, the Federal Circuit is the proper forum in which to review the MSPB's

jurisdictional decisions.  May, 2010 WL 183374, at *2; Sloan, 140 F.3d at 1261.  Since the MSPB concluded it lacked jurisdiction over Plaintiff's non-discrimination claim, the action is no longer a "mixed case" and the Court has no jurisdiction over the appeal of the MSPB decision. May, 2010 WL 183374, at *2 (citing Napolitano, 2009 WL 2169216, at *3).  Consequently, this Court does not have jurisdiction to hear this case because jurisdiction lies exclusively with the Federal Circuit.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  The case will be dismissed without prejudice to Plaintiff's right to refile in the United States Court of Appeals for the Federal Circuit.

An appropriate Order follows.